## CARTER et al. v. HOEY et al.

United States District Court
S. D. New York.
April 20, 1949.

Alexander & Green, New York City, for plaintiffs (James D. Ewing, Lasater Terrell, and Christian H. Genghof, New York City, of counsel).

John F. X. McGohey, United States Attorney for Southern District of New York, for defendants (David McKibbin, Assistant United States Attorney, New York City, of counsel).

LEIBELL, District Judge.

This is a companion suit to Simon v. Hoey, D.C., 88 F.Supp. 754. There are certain additional facts to be considered in this case.

Selina C. Cornish, who was the residuary legatee named in the will of her husband, Edward J. Cornish, died on May 18, 1938, about two weeks after his death. She left a will dated May 15, 1936, and two codicils dated December 17, 1936 and May 18, 1938. By the second codicil to her will she devised all the property and its proceeds to which she was or might be entitled under the will of her husband to the persons surviving her who would have taken such property as distributees of her husband had he survived her and died intestate. In Simon v. Hoey, D.C., 88 F. Supp. 754. I have held that capital gains realized by the estate of Edward J. Cornish and distributed by the executors of that estate to the estate of Selina C. Cornish, as residuary legatee of her husband's estate, were not "properly paid" out by them as income, and were not deductible by them under Section 162(c) of the Internal Revenue Act of 1938, 26 U.S.C.A. § 162(c), in computing the Federal income tax of the Edward J. Cornish estate for the fiscal year ending April 30, 1939. Under the law of New York the estate of Selina C. Cornish received that distribution as a legacy under her husband's will. It was part of the corpus of his estate when paid out to her estate, and as to her estate was exempt from any income tax thereon pursuant to Section 22(b) (3) of the Revenue Act of 1938, 26 U.S.C.A. § 22(b) (3).

On or about April 10, 1939 the executors of the Selina C. Cornish estate paid to those persons entitled to receive the share of the Edward J. Cornish estate that had been devised to her and through her to them, sums aggregating $480,915.01, claimed to be part of the aforementioned capital gains realized by the estate of Edward J. Cornish. The effect, tax-wise, of this distribution is no longer material to the issues in this case, in view of the decision in Simon v. Hoey.

By Clause 20 of her will Selina C. Cornish devised one-half of her residuary estate to her husband, Edward J. Cornish. He predeceased her. By a decree of the Surrogate's Court, Putnam County, dated July 11, 1938, the devise to him was construed to have lapsed and there was an intestacy with respect to that legacy of one-half of her residuary estate, which thereupon passed to the distributees of Selina C. Cornish under the law of the State of New York.

During the fiscal year ending April 30, 1939 the executors of the estate of Selina C. Cornish realized from a sale of capital assets, a capital gain in the amount of $527,320.95. One-half thereof, the sum of $263,660.47, was paid by the executors to the distributees of Selina C. Cornish, during the fiscal year ending April 30, 1939, while the estate was still in the process of administration. The other one-half of the capital gain was, on the same date, paid by the executors to themselves as trustees under the will of Selina C. Cornish for the benefit of certain religious institutions.

The capital gain of $527,320.95 was recorded separately by the executors in a bookkeeping account which did not include other assets and income of the estate, the said account being entitled "Estate of Selina C. Cornish capital gains and losses other than on share of Edward J. Cornish Estate". No bank book for a separate bank account was issued for this account. In fact no bank book was issued for any of the deposits made for the Estate in the Chase Bank, one of the executors of her will. The bookkeeping account of the Trust Department of the bank kept the various accounts segregated for the records of the executors.

Prior to filing any income tax return for the fiscal year ending April 30, 1939 the executors, by a letter dated April 24, 1939, requested a ruling from the Commissioner of Internal Revenue as to whether the capital gains realized by the estate of Edward J. Cornish and paid to the estate of Selina C. Cornish were taxable to the estate of Edward J. Cornish, the estate of Selina C. Cornish, or to the seven beneficiaries under the second codicil to the will of Selina C. Cornish. By the same letter they requested a ruling as to whether the capital gains realized by the estate of Selina C. Cornish, other than these received from the estate of Edward J. Cornish, were taxable to the estate of Selina C. Cornish or to the individual distributees of Selina C. Cornish. On June 9, 1939, the Commissioner advised that he had already ruled that the capital gains realized by the estate of Edward J. Cornish and distributed to the estate of Selina C. Cornish were taxable to the former estate. With respect to the second request for a ruling, the Commissioner advised that the capital gains realized by the estate of Selina C. Cornish and distributed to her distributees were taxable to her estate and not deductible under Section 162(c) of the Internal Revenue Act. Thereafter the executors of the Selina C. Cornish estate filed a Federal fiduciary income tax return for that estate in which they included the sum of $263,660.47 paid to the distributees, as income of the estate and paid a tax thereon, made up of the computed tax and assessed deficiencies with interest, in the total sum of $145,351.09.

In November 1939 the executors of the Selina C. Cornish estate filed an intermediate account with the Surrogate's Court of Putnam County, New York, covering the period from May 18, 1938 to October 4, 1939. In this account the executors treated the capital gains of $527,320.95 in the same manner as the executors of the Edward J. Cornish estate had treated its capital gains. Simon v. Hoey. The capital gains distributed to the distributees in the Selina C. Cornish estate were listed under "Principal Account"; "Gross increase of principal from sale or collection of assets"; " * * * payments out of principal * * * ". In the executors' accounting the statement of income received by the estate does not include any of the amounts realized by way of capital gains and distributed to the distributees. The decree of the Surrogate approving the executors accounts, dated April 8, 1940, recites the capital gains under similar titles and distributed to the distributees. The

On December 19, 1945 plaintiffs, as executors of the estate of Selina C. Cornish commenced this action for a refund of the amount of the tax in the sum of $145,351.09.

For the reasons set forth at some length in Simon v. Hoey, D.C., 88 F.Supp. 754, the plaintiffs are not entitled to a recovery of the tax in the sum of $145,351.09, which they claimed on the grounds that the capital gains of $263,660.47 realized by the estate of Selina C. Cornish and distributed to her distributees were deductible from the income of her estate under Section 162(c) of the Revenue Act. The capital gains of the Selina C. Cornish estate became part of the corpus of that estate under the law of New York and could not be "properly paid" out as income, and hence were not deductible under Section 162(c).

The complaint in this action is accordingly dismissed on the merits. I am filing herewith findings of fact and conclusions of law.